UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VRA ENTERPRISES, LLC d/b/a
PRECISION RX,**

Plaintiff,

v.                                                            Case No. 8:23-cv-02474-WFJ-TGW

**THE CENTER FOR MEDICARE
AND MEDICAID SERVICES, THE
UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN SERVICES
OFFICE OF INSPECTOR GENERAL,
THE UNITED STATES DEPARTMENT
OF JUSTICE, and THE UNITED STATES
OFFICE OF MANAGEMENT AND BUDGET,
agencies of the United States,**

Defendants.

_____/

## ORDER

Before the Court is Defendant U.S. Department of Health and Human Services Office of Inspector General's ("OIG") Motion to Dismiss (Dkt. 27) Plaintiff VRA Enterprises, LLC d/b/a Precision RX's Complaint (Dkt. 1), Plaintiff's Response (Dkt. 33), and Defendant's Reply (Dkt. 38). Upon careful consideration, the Court denies Defendant's Motion.

1

# BACKGROUND

Plaintiff operates a retail pharmacy located in Tampa, Florida. Dkt. 1 ¶ 8. In 2022, Plaintiff's pharmacy participated in a Center for Medicare and Medicaid Services ("CMS") demonstration program that provided Covid-19 test kits to Medicare beneficiaries. *Id.* ¶¶ 9–10. CMS reimbursed Plaintiff for the test kits via a contractor, SafeGuard Services LLC ("Safeguard"). *Id.* ¶ 11. In November 2022, SafeGuard suddenly stopped reimbursing Plaintiff. *Id.* SafeGuard resumed payments and then, in January 2023, abruptly stopped them again. *Id.* ¶¶ 13–14.

In December 2022, SafeGuard sent Plaintiff a letter identifying five test kit orders that CMS flagged as requiring the suspension of reimbursement funds. *Id.* ¶ 12. About six months later, the Department of Justice ("DOJ") issued Plaintiff a Grand Jury Subpoena related to the test kits. *Id.* ¶ 15. As of the filing of the instant Complaint in October 2023, Plaintiff had tried for several months to get more information from DOJ concerning the subpoena, without success. *Id.* ¶ 16.

Plaintiff alleges that, due to CMS's suspension of reimbursement payments, it incurred significant debt, laid off staff, and ceased providing Covid-19 test kits. *Id.* Frustrated by its futile attempts to extract information from DOJ, Plaintiff filed several requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *Id.* ¶ 17–19. Specifically, it filed requests with CMS, the United States Office of Management and Budget ("OMB"), the Office of the Inspector General for the

Department of Health and Human Services ("OIG"), the DOJ Civil Division, and the DOJ Criminal Division. *Id.* Plaintiff represents, and Defendants do not contest, that responses were due on October 26, 2023. *Id.* ¶ 20. From some of the defendants, Plaintiff received responses it deems inadequate and/or untimely. *Id.* ¶¶ 21–23. From others, it did not receive any response at all. *Id.* Alleging FOIA violations, Plaintiff filed suit on October 30, 2023. It later voluntarily dismissed its claim against the DOJ Criminal Division. Dkt. 25.

The instant Motion to Dismiss is brought by only one defendant—OIG. OIG responded to Plaintiff's request with a letter informing Plaintiff that it does not maintain the records Plaintiff seeks. Dkt. 1-6 at 3. The letter further explained that OIG forwarded Plaintiff's request to CMS and included the contact information for CMS's FOIA office. *Id.* The letter is dated October 17, 2023. *Id.* at 2. In its Motion, OIG asserts that this letter was a timely response to Plaintiff's request, requiring Plaintiff to exhaust its administrative remedies before filing suit. Dkt. 27 at 4–5. Plaintiff responded, arguing that OIG's letter did not trigger the administrative exhaustion requirement—or, if it did, the Court should waive the requirement in the interest of judicial economy. Dkt. 33 at 4–11. OIG replied that Plaintiff's argument is based on an old version of the FOIA statute, and that there is no basis to waive exhaustion. Dkt. 38 at 2–6. For the reasons outlined below, the Court denies OIG's Motion.

3

## **LEGAL STANDARD**

A motion to dismiss a FOIA claim for failure to exhaust administrative remedies should be made under Fed. R. Civ. P. 12(b)(6). *Taylor v. Appleton*, 30 F.3d 1365, 1367 n. 3 (11th Cir. 1994). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the motion, the Court must accept all factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). The Court should limit its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## **DISCUSSION**

OIG's letter did not trigger the administrative exhaustion requirement. Because the Court denies the instant Motion on that basis, it need not address the issue of wavier.

While FOIA requires a party to exhaust its administrative remedies prior to filing suit, exhaustion is not a jurisdictional requirement. *Taylor*, 30 F.3d at 1367 n. 2. Instead, it is a jurisprudential doctrine that performs "a function similar to the judicial doctrine of ripeness by postponing judicial review." *Id.* Still, administrative

4

exhaustion is a precondition to filing suit under FOIA. *Id.* at 1367. The FOIA statute provides that a plaintiff may actually or constructively exhaust its remedies. *Id.* Actual exhaustion is triggered when the agency sufficiently responds to a FOIA request within the statutory time limit, or before a suit is filed. *Oglesby v. U.S. Dept. of Army*, 920 F.2d 57, 65 (D.D.C. 1990); *see also Taylor*, 30 F.3d at 1369 (remarking that *Oglesby* is a "well-reasoned opinion"). An agency's response to a FOIA request must comply with the requirements expressed in 5 U.S.C. §552(a)(6)(A)(i) to trigger the exhaustion requirement. *Oglesby*, 920 F.2d at 65. Constructive exhaustion occurs when the agency fails to respond to the FOIA request within the statutory time limit. *Id.*

As OIG noted in its Reply, § 552(a)(6)(A) was amended in 2016. In 1990, the year *Oglesby* was decided, the statute provided that:

> Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall determine within ten days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.

§ 552(a)(6)(A) (1986). Accordingly, *Oglesby* noted:

> A response is sufficient for purposes of requiring an administrative appeal if it includes: the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse. *Assuming an agency's initial response*

5

> *complies with these requirements*, the FOIA requester must appeal to the head of the agency.

*Oglesby*, 920 F.2d at 65 (citations omitted) (emphasis added).

> As of 2016, § 552(a)(6)(A) reads:
>
> Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of--
>
> (I) such determination and the reasons therefor;
>
> (II) the right of such person to seek assistance from the FOIA Public Liaison of the agency; and
>
> (III) in the case of an adverse determination--
>
>> (aa) the right of such person to appeal to the head of the agency, within a period determined by the head of the agency that is not less than 90 days after the date of such adverse determination; and
>>
>> (bb) the right of such person to seek dispute resolution services from the FOIA Public Liaison of the agency or the Office of Government Information Services.

§ 552(a)(6)(A) (2016).

Plaintiff concedes that OIG's letter does not constitute an adverse determination. Dkt. 33 at 3. Reading *Oglesby* in light of the 2016 amendment, OIG's "response is sufficient for purposes of requiring an administrative appeal if it includes: the agency's determination of whether or not to comply with the request;

6

the reasons for its decision; and notice of the right of the requestor to" seek assistance from the FOIA Public Liaison of the agency. *Oglesby*, 920 F.2d at 65; § 552(a)(6)(A) (2016).

OIG argues that Plaintiff did not constructively exhaust because OIG's letter was sent within the 20-day response time permitted by the 2016 amendment. Dkt. 38 at 2–4. However, FOIA does not merely demand that the agency respond within the applicable time limits—it also sets out specific requirements for the content of the response. *See* § 552(a)(6)(A)(i); *Oglesby*, 920 F.2d at 67 ("Because, then, State did not provide notice of appellant's right to appeal, its response was insufficient under the FOIA to trigger the exhaustion requirement and appellant was free to file suit under 5 U.S.C. § 552(a)(6)(C)."). Plaintiff asserts that OIG's letter did not trigger actual exhaustion because it did not fully comply with the requirements laid out in § 552(a)(6)(A)(i). Dkt. 33 at 6 ("OIG nevertheless failed to comply with the FOIA statutory requirement that it provide Plaintiff with a timely, *sufficient* final determination in response to the OIG FOIA Request). This argument is consistent with *Oglesby* and subsequent caselaw in this District applying that decision. *Oglesby*, 920 F.2d at 65; *Sauer, Inc. v. NASA*, 6:11–cv–926–Orl–31DAB, 2011 WL 3687862, at *2 (M.D. Fla. Aug. 23, 2011); *Bory v. U.S. R.R. Retirement Board*, 3:09–cv–1149–J–12MCR, 2010 WL 5108689, at *2 (M.D. Fla. 2010).

7

Next, OIG contends that Plaintiff cannot escape the actual exhaustion requirement based on OIG's failure to notify Plaintiff of its right to appeal. Dkt. 38 at 4–5. In support, OIG correctly states that the 2016 FOIA amendment only requires an agency to notify requestors of their right to appeal if the agency issues an adverse determination. *Id.* at 5. While Plaintiff's Response mentions OIG's failure to notify of appeal rights, it also relies on OIG's failure to inform it of its "right to seek assistance from the OIG's FOIA Public Liaison." Dkt. 33. Failure to notify of the right to seek assistance is not conditioned on an adverse determination. Under the 2016 amendment, it is a requirement of every agency response to every FOIA request. § 552(a)(6)(A) (2016). OIG's letter to Plaintiff did not notify Plaintiff of its right to seek assistance from the OIG FOIA Public Liaison—or, for that matter, the CMS FOIA Public Liaison. Dkt. 1-6 at 2–3. As a result, OIG's letter did not comply with the statute, and therefore it did not trigger actual exhaustion.

The case OIG cites in support of its second argument is *Dorn v. Comm'r of IRS*, 203CV539FTM29SPC, 2005 WL 1126653 (M.D. Fla. May 12, 2005). Dkt. 38 at 4. Published in 2005, that opinion is of limited applicability as it refers to the pre-2016 statute. *See* Dkt. 38 at 4–5. Because OIG's letter did not notify Plaintiff of its right to seek assistance from the FOIA Public Liaison, it was not a sufficient response to trigger exhaustion requirements.

## **CONCLUSION**

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 27) is **DENIED**.

**DONE** and **ORDERED** at Tampa, Florida, on May 1, 2024.

                                     */s/ William F. Jung*
                                     **WILLIAM F. JUNG**
                                     **UNITED STATES DISTRICT JUDGE**

**Copies Provided To**
Counsel of Record